**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alejandro S Estrada, | No. CV-18-08360-PCT-MTL |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court is Magistrate Judge Michelle Burns' Report and Recommendation ("R & R") (Doc. 17), recommending that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice. Petitioner filed an Objection to the R & R. (Doc. 19.) Respondents filed a Response (Doc. 18) and Petitioner filed a Reply (Doc. 20). After considering the R & R (Doc. 17), the Petition (Doc. 1), the arguments raised in Petitioner's Objection (Doc. 19) and Reply (Doc. 20), and Respondents' Response to Petition for Writ of Habeas Corpus (Doc. 12), the Court will overrule the Objection and adopt Judge Burns' recommendation for dismissal of the Petition.

## I. Standard of Review

When a federal district court reviews a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, "it must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (*quoting* 28 U.S.C. § 2254). When reviewing a Magistrate Judge's R & R, this Court reviews *de novo* those portions of the report to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## II.    Background

On January 15, 2010, Petitioner Alejandro S. Estrada pled guilty to sexual conduct with a minor. (Doc. 12-1 at 106-07.) On February 19, 2010, Petitioner was sentenced to 25 years in the Arizona Department of Corrections, which was the stipulated sentence under the plea agreement. (Doc. 12-1 at 31.)

Petitioner timely filed a Notice of Post-Conviction Relief ("PCR") on April 8, 2010. (Doc. 12-1 at 41.) On November 9, 2010, in his *pro se* capacity, Petitioner filed his first PCR Petition. (Doc. 12-1 at 45.) The trial court summarily denied Petitioner's *pro se* PCR Petition on April 22, 2011. (Doc. 12-1 at 118.) Petitioner did not file a Petition for Review in the Arizona Court of Appeals. Over five years later, on September 12, 2016, Petitioner filed a second *pro se* Notice of PCR, which the trial court summarily denied on May 1, 2017. (Doc. 12-1 at 121-23, 153.) Petitioner filed his third *pro se* Notice of PCR and Petition on November 12, 2017, raising the following issues: illegal sentence; lack of subject matter jurisdiction; ineffective assistance of PCR counsel; newly discovered facts; a significant change in the law and a fundamental miscarriage of justice. (Doc. 12-2 at 16-55.) The trial court summarily denied Petitioner's third PCR Petition on April 18, 2018, finding that the claims were untimely and precluded. (Doc. 12-2 at 76.) Petitioner timely filed a *pro se* Petition for Review in the Arizona Court of Appeals, challenging the trial court's denial of his third PCR Petition; the Court of Appeals denied relief on August 7, 2018. (Doc. 12-3 at 3.)

Petitioner filed the instant habeas petition on December 26, 2018. (Doc. 1.) The habeas petition raises three grounds for relief. In Grounds One and Two, Petitioner challenges the constitutionality of his sentence under the Fifth and Sixth Amendments, alleging that he was unlawfully sentenced pursuant to a repealed statute, A.R.S. § 13-604.01, and that therefore the trial court lacked subject matter jurisdiction to sentence him.

(Doc. 1 at 6, 7.) In Ground Three, Petitioner alleges that he received ineffective assistance of appellate counsel. (Doc. 1 at 8.) The R & R concludes that the habeas petition was untimely by over 6 years and not subject to equitable tolling. (Doc. 17 at 5, 7) (R & R finding that Petitioner was required to initiate habeas proceedings on or before May 22, 2012—one year after the time for seeking review of the denial of his first PCR Petition expired.)

**III. Requirements for Federal Habeas Corpus Review**

The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for state prisoners filing federal habeas petitions. 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §§ 2244(d)(1)(A)-(D). The time "during which a properly filed application for State post-conviction review" is "pending shall not be counted" against the 1-year period. 28 U.S.C. § 2244(d)(2).

The one-year deadline in § 2244(d)(1) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" that prevented timely filing. *Id*. at 649 (*citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (internal citations omitted,

alterations in original).

**IV. Petitioner's Objections**

Petitioner spends much of his Objection arguing that the "[M]agistrate [Judge] and the state are trying to conspire[] with this Court" by "lying that [Petitioner] 'did not establish[] that the trial court abused its discretion by denying his PCR Petitions. . . .[']" (Doc. 19 at 3-7); (*see also* Doc. 20 at 1-2.) But the R & R did not address the merits of Petitioner's habeas petition or the underlying PCR rulings because it found that the habeas petition was untimely and not subject to equitable tolling. (Doc. 17.) Petitioner's objections on pages 2-7 of the Objection that center on the underlying PCR rulings and the trial court's application of Arizona's preclusion rules are therefore overruled.

Petitioner also raises numerous objections to the R & R's application of the doctrine of equitable tolling. (Doc. 19 at 7-8.) According to Petitioner, equitable tolling of AEDPA's one-year deadline is appropriate because he has been pursuing his rights diligently and some extraordinary circumstances stood in his way. (*Id.*) The Court addresses each of Petitioner's objections related to equitable tolling in turn.

1. Petitioner claims that equitable tolling is appropriate because "his language is Spanish not English." (Doc. 19 at 7, ¶ 1.) While equitable tolling of AEDPA's one-year limitations period may be justified if language barriers *actually* prevent timely filing, *see Mendoza*, 449 F.3d at 1069-70, Petitioner has not alleged facts from which this Court could conclude that the *6-year* delay in filing his habeas petition was attributed to any language barrier, particularly since Petitioner has filed numerous *pro se* PCR Petitions and one timely *pro se* Petition for Review during the time he alleges that there was a language barrier. (*See*, *e.g.*, Doc. 12-1 at 45-61.) The objection is overruled.

2. Petitioner claims that the Arizona Department of Corrections ("ADOC") knowingly interfered or removed the prison law libraries, which made it impossible for him to comply with AEDPA's procedural rule. (Doc. 19 at 7, ¶¶ 2, 3.) This conclusory sentence is insufficient. Petitioner does not explain how or when he was eventually made aware of the deadline after the law libraries had been purportedly removed. Nor does he

explain how he was able to file lengthy and well-researched *pro se* PCR Petitions during the time in which he claims he lacked access to legal materials. The objections are overruled.

3. Petitioner asserts that ADOC interfered with his ability to timely file his habeas petition because it "considered case law a contraband or ban[ned] inmate[s] from making copy of a case law in prison." (Doc. 19 at 7, ¶ 3.) This allegation directly contradicts Petitioner's claim that ADOC removed the law libraries for 6 years. (*See* Doc. 19 at 7, ¶ 2.) In any event, the evidence in the record—namely, Petitioner's previously filed and well-researched *pro se* Petitions—undermines Petitioner's conclusory allegation that he lacked tools to assist him in preparing a defense. The objections are overruled.

4. Petitioner also claims that he is entitled to equitable tolling because he had no access to Spanish law books and because ADOC moved the bilingual inmate who provided him legal assistance to another unit. (Doc. 19 at 7, ¶¶ 4, 5.) The Court is not persuaded by either argument. Petitioner does not outline the steps he took over the course of 6 years to obtain the allegedly missing Spanish law books. Nor does he allege that he would have been able to read Spanish law books or that there were no other bilingual inmates who could have assisted him. The objections are overruled.

5. Petitioner argues that the prosecutor and the public defender "colluded" in sentencing him under a statute that Petitioner maintains did not exist.[1] (Doc. 19 at 8, ¶ 6.) This objection does not address the R & R's analysis of equitable tolling and is therefore overruled.

6. Petitioner asserts that he is entitled to equitable tolling because he should not be

---

[1] The string cite in Petitioner's plea agreement contained a reference to A.R.S. § 13-604.01, which had been renumbered to A.R.S. § 13-705 at the time of Petitioner's sentencing. (Doc. 12-1 at 8.) In any event, Petitioner's 25-year sentence in this case was stipulated to in the plea agreement and complied with A.R.S. § 13-705 at the time it was imposed. *See* A.R.S. § 13-705(B) (2009) (maximum sentence for sexual conduct with a minor under the age of 12 was 27 years). Further, Petitioner's reliance on *State v. Davis*, 206 Ariz. 337 (2003) is misplaced because in that case, the defendant—a 20-year-old man who had sex with two post-pubescent teenage girls—was sentenced to mandatory consecutive sentences, which the Arizona Supreme Court found was in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. Here, Petitioner was convicted of *one* count of sexual conduct with a minor for engaging in sexual intercourse with his 10-year-old daughter. *Davis* is therefore inapposite.

expected to have timely raised issues that his appellate counsel, the prosecutor, and the judge were unable to identify. (Doc. 19 at 8, ¶¶ 7, 8.) But the obscurity of Petitioner's underlying PCR claim does not prove that extraordinary circumstances prevented Petitioner from timely raising the claim in a habeas petition. The objection is overruled.

7. Petitioner debates the R & R's conclusion that his equitable tolling arguments were raised in one-sentence, conclusory excuses. (Doc. 19 at 8, ¶ 9); (Doc. 17 at 7.) But much of Petitioner's arguments regarding equitable tolling *were* contained in brief, conclusory statements. And as outlined above, the allegations in his Objection fared no better. The objection is overruled.

Finally, in his third PCR Petition, Petitioner challenged the lawfulness of his stipulated sentence by repackaging it as claims brought pursuant to Arizona Rules of Criminal Procedure 32.1(e) (newly discovered evidence) and 32.1(g) (significant change in the law that if applicable to the defendant's case would overturn the sentence).[2] (Doc. 12-2 at 16-55.) Just as Petitioner did not demonstrate in the trial court why his claims were not precluded in a successive PCR Petition, *see State v. Shrum*, 220 Ariz. 115, 118, ¶ 12 (2009) (Rule 32.2(a) precludes collateral relief on a ground that could have been raised in a previous PCR proceeding), Petitioner has not demonstrated here why AEDPA's one-year limitation period did not begin to run on the date on which the judgment became final by the conclusion of the time for seeking review. *See* 28 U.S.C. § 2244(d)(1)(D) (alternatively allowing limitation period to run on date on which factual predicate of the claims presented could have been discovered through exercise of due diligence, if that date is later than the date on which judgment became final).

The Court has reviewed the R & R *de novo* in light of Petitioner's specific objections. The Court has independently reached the conclusion that the habeas petition was untimely for the same reasons presented in the well-reasoned R & R. The Court therefore accepts the R & R (Doc. 17) and overrules Petitioner's Objection (Doc. 19).

---

[2] Arizona's post-conviction rules were renumbered effective January 1, 2020. The Court herein references the version of the rules that was in effect at the time Petitioner filed his third PCR Petition.

## V. Certificate of Appealability

Petitioner alternatively asks the Court (Doc. 19 at 9) to issue a certificate of appealability. Petitioner must obtain a certificate of appealability before he may appeal this Court's judgment. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2254 Cases. This Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability may only issue when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made a substantial showing that denying the petition as untimely under these facts would deny him a constitutional right. The request for a certificate of appealability is denied.

## VI. Conclusion

Accordingly, having reviewed Petitioner's objections,

**IT IS ORDERED** that the Report and Recommendation (Doc. 17) is accepted.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is denied and dismissed with prejudice.

**IT IS FURTHER ORDERED** denying Petitioner's request for a Certificate of Appealability (Doc. 19.)

Dated this 20th day of February, 2020.

Michael T. Liburdi
United States District Judge